## SUPREME COURT.

ELIZABETH BUSH, respondent, agt. EDWARD DENNISON, appellant.

Where a justice of the peace removes from the state, after a judgment rendered by him, and before any return is made by him to an appeal to the county court, the 363d section of the Code authorizes the appellate court to "examine witnesses on oath, to the facts and circumstances of the trial or judgment, and determine the appeal as if the facts had been returned by the justice."

Where, in such case, it is impossible for the supreme court (on appeal from the county court) to say that the county court had before it all the material evidence given on the trial before the justice, this court will not interfere with the judgment. And where, from the nature of the case, it was such that all the objections raised by the appellant to the validity of the judgment might have been supplied by evidence, this court are bound to intend that they were thus supplied.

Where the notice of appeal is returned, and, in the case, so that the court can see what the alleged errors in the judgment were, they will disregard any that were not fairly stated in the notice; and where the notice of appeal is not returned, the same rule should prevail.

*Submitted Cayuga General Term, June, 1856.*

T. R. STRONG, WELLES *and* SMITH, *Justices.*

APPEAL from judgment of Yates county court, affirming the judgment of a justice of the peace.

D. B. PROSSOR, *for appellant.*

E. VAN BUREN, *for respondent.*

By the court—WELLES, Justice. Some time previous to the 7th of March, 1854, the plaintiff commenced her action before the justice, and on that day the same was tried upon an issue joined between the parties before him, who, within four days thereafter, rendered judgment in favor of the plaintiff for $44 damages, and $3.97 costs. An appeal was, in due time, brought from this judgment to the county court, where the judgment was affirmed in November, 1855.

Before any return was made by the justice, to the appeal from his judgment, he removed from the state, and no return

has ever been procured from him.    Witnesses were, therefore, examined by the county court to the facts and circumstances of the trial, &c., under § 363 of the Code, upon which that court decided the appeal.

On the trial before the county court, David B. Prossor, Darius Allen and Henry M. Stewart were the only witnesses examined, in relation to the facts and circumstances of the trial and judgment before the justice.    They were all counsel on the trial before the justice.

In relation to the pleadings before the justice, Mr. Prossor, one of the three witnesses, testified that, according to his recollection, the plaintiff's complaint was substantially as follows: "For breach of contract to work lands on shares, and for not doing the work in a workmanlike manner; for wheat raised under contract, and for wheat straw, and for injury to buckwheat, in permitting it to remain out, neither threshed nor harvested, permitting it to be destroyed by fowls, and leaving it out after it was cut; and for injury to a threshing machine of plaintiff's, leaving it out in the weather."    That the defendant's answer was a denial of the complaint.    On cross-examination, he testified that he did not pretend to give the words of the pleadings; that he was not absolutely positive that he had given the whole of the contents of the complaint, but that he thought he had.

In relation to the evidence and other proceedings on the trial before the justice, there is not sufficient evidence to justify this court in interfering with the judgment.    Each of the three witnesses named testify to some of the evidence and proceedings, but neither of them assumes to testify to all.

Mr. Prossor, on his cross-examination on that subject, says, "I was not present during the whole trial: I took no minutes during the trial: I do not recollect all that was testified to."

Mr. Allen testified, that he tried the cause before the justice for the plaintiff, and had a part of the minutes he took on that trial.    He then proceeded to detail the evidence and proceedings on the trial, and the evidence of the several witnesses who were introduced and examined.

On cross-examination he testified, that for a majority of what he had stated he recollected the facts, but not the whole; that the latter part of the testimony was taken from his minutes; that there might have been evidence which he had not given; that during the trial he came down street, a distance of half a mile, leaving the trial in charge of Mr. Smith, and returned immediately; that they were engaged in the trial when he left and when he returned; that he could not say that he had given all the testimony that was taken while he was there; that he had given the principal part of it. He further stated that Mr. Prossor and Mr. Stewart tried the cause for the defendant.

Mr. Stewart, after testifying on his direct examination, in relation to the evidence and proceedings on the trial before the justice, on his cross-examination, stated: " I do not pretend to recollect all the evidence given on that trial: I could not say what portion of it I do recollect. If I took any minutes at all, it was merely some points."

The section of the Code referred to (363) provides, that the county court shall determine the appeal in such cases, " as if the facts had been returned by the justice."

It is impossible for this court to say that the county court had before it all the material evidence given upon the trial before the justice. It appears from the evidence before the county judge, that when the plaintiff closed his evidence before the justice and rested, the defendant moved for a nonsuit on two grounds: 1st. That the papers showed no right of the plaintiff to the growing crops; and, 2d. That the parties were tenants in common, and that one could not recover of the other until proof was given of the loss of the property held in common. The nonsuit was refused, and no evidence was given by the defendant.

The nature of the case was such that these, and all other objections now made in behalf of the appellant, might have been supplied by evidence, and we are bound to intend that they were thus supplied.

The case before us does not contain the notice of the appeal from the judgment of the justice, nor the grounds of appeal

stated in such notice ; and it is contended on the part of the respondent that this court as well as the county court, should disregard the alleged errors in the judgment.

In a case decided at this term we have held, that where the notice of appeal is returned and in the case, so that we can see what the alleged errors were, we will disregard any that were not fairly stated in the notice. Where the notice of appeal is not returned, the same rule should prevail.

In every aspect of the case, in which it can be viewed, we think the judgment of the county court should be affirmed.

Ordered accordingly.